[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This is a summary process action in which the plaintiff, Bear Enterprises, LLC, seeks possession of commercial premises located at 45 Padanaram Road in Danbury, Connecticut. The defendants, Angelica Rivera, Jose Rodriguez, and Mari Rivera, now move to dismiss on the ground that the plaintiff failed to serve the notice to quit within the time specified by General Statutes §47a-23b(a). General Statutes § 47a-23b(a) provides:
 If the lessee . . . is a nonresident of this state at the time when it is desired to give him notice to quit possession or occupancy of such premises, or at the time of the issuance of the summons, such notice to quit, or such summons, may be served upon the person in charge thereof; or, if no person is in charge of such premises, the notice to quit may be served upon such lessee or occupant in the manner provided by section 52-57 or 52-57a, at least ten days before the time specified in such notice, and such summons may be served in like manner, except that such copy shall be mailed at least six days before the return day thereof. CT Page 4510
The defendants have submitted three affidavits which state that they were not residents of Connecticut when they were served with the notice to quit. Moreover, the sheriff's return indicates that the notice to quit was served on January 16, 1998. The notice instructed the defendants to quit the premises on or before January 25, 1998.
The defendants contend that, because the notice to quit was not served at least ten days before the date specified in the notice, the plaintiff failed to comply with § 47a-23b(a) and, therefore, this action should be dismissed. The plaintiff does not dispute that the notice was served on January 16, 1998, and that the defendants were instructed to quit the premises by January 25, 1998. Nor has the plaintiff attempted to contradict the defendants' claim that they were not residents of Connecticut when the notice was served. The plaintiff, however, maintains that this action should not be dismissed because the notice to quit was properly served pursuant to General Statutes § 47a-23
(c).[1]
Section 47a-23b "governs the time for service of notices to quit on non-resident lessees." Lipira v. Vince, Superior Court, judicial district of Danbury, Docket No. 5438 (October 19, 1993, Flynn, J.). The plaintiff's failure to comply with this statute renders this action subject to dismissal. Id. See, also,Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 582, 548 A.2d 744 (1988) (failure to comply with the statutory requirements in a summary process action deprives the court of jurisdiction to hear the action).
The plaintiff contends that this action should not be dismissed because paragraph 28 of the lease relieves the plaintiff of its obligation to properly serve a notice to quit. Paragraph 28 provides that "[t]he Lessees hereby waive the right to a notice to quit pursuant to Section 47a-25 of the Connecticut General Statutes." General Statutes 47a-25 provides: "When, in any written lease of any land, building, apartment or dwelling unit, notice to quit possession has been expressly waived by the lessee in the event such lease terminates by lapse of time, the five days notice prescribed in sections 47a-23 and 47a-23a shall not be necessary; and complaint and summons may issue in the same manner as if such notice to quit had been previously given." This statute is not applicable to the present case because the plaintiff was required to provide service pursuant to § 47a-23b(a). Thus, plaintiff asserts tenants' waiver of irrelevant CT Page 4511 rights. See, Lipira, supra. Moreover, the plaintiff initiated this action due to the defendants' alleged failure to pay rent, not because the lease has terminated due to lapse of time. Defendants have not waived their right to be properly served with a notice to quit.
The plaintiff's final argument is that the defendants have not been prejudiced because the notice to quit was hand delivered even though paragraph 38 of the lease merely requires that all notices be sent via certified mail. This contention is not persuasive. The prejudice arises from not having been served with the notice to quit within the required time frame.
The defendants' motion to dismiss is granted.
Nadeau, J.